**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                              )
                                                    )
VICKI FIELDS                                        )          CASE NO.: 05-35123
                                                    )
              Debtor                      )

**MEMORANDUM-OPINION**

This matter came before the Court to the Motion for an Order Declaring the Stay in Place

for the Star Insurance Contract of Central Bank, Inc. ("Central Bank") and the Opposition of Star

Insurance Company ("Star").  For the following reasons, the Court denies the Motion of Central

Bank.

**FACTS**

Star issued a "claims made" policy to Debtor Vicki Lynn Fields ("Debtor") which was

effective from August 10, 2004 to August 10, 2005.  According to the terms of the policy, the policy

expired on August 10, 2005.

On July 25, 2005, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the

United States Bankruptcy Code.

On December 12, 2005, the Court entered an Order granting Central Bank's Motion for

Relief from the Stay so that it could institute a lawsuit in Circuit Court against the Debtor and seek

coverage under the Star policy.

On February 9, 2006, Central Bank filed its Motion seeking an Order declaring the stay in

place for the Star insurance contract.  Star filed its opposition to the motion on February 24, 2006.

**LEGAL ANALYSIS**

Central Bank seeks an Order declaring the stay in place as it related to an insurance policy that expired post-petition.  For several reasons, the Court must deny the Motion.

The operative fact before the Court is that the insurance policy at issue expired according to its own terms.  It is clear that the Bankruptcy Code "does not enlarge the rights of the debtor under a contract, and it doesn't prevent the termination of a contract by its own terms." In re Bolin Oil Co., 51 B.R. 936 (Bankr. N.D. Ohio 1985), citing In re Heaven Sent, Ltd., 37 B.R. 597, 598 (Bankr. E.D. Pa. 1984) and In re Nashville White Trucks, Inc., 5 B.R. 112, 117 (Bankr. M. D. Tenn. 1980).  This Court cannot compel an insurance company to renew an expired policy with the Debtor. Bolin, 51 B.R. at 938, citing Heaven Sent, 37 B.R. at 598.

This Court relied on the Heaven Sent case in In re Rives, 95 B.R. 946 (Bankr. W.D. Ky. 1988), when it stated that this court did not have the authority to direct an insurance company to renew an insurance policy.  To do otherwise would be creating new contractual rights between the insurer and the Debtor when none had heretofore existed. Id.

The reasoning of these cases is sound.  This Court cannot compel an insurer to keep coverage open where it clearly contracted for the right to fail to renew the policy on a certain date.  The Bankruptcy Code gives the Court no such power.

Central Bank argues that the Trustee should have been able to accept or reject the contract under 11 U.S.C. §365 and that the contract cannot be deemed rejected under §365 because the Trustee had no knowledge of the contract.  Central Bank relies on In re Zuniga, 287 B.R. 201, 206 (Bankr. E.D. Mo. 2001).  This case is inapposite to the case at bar.  The contract at issue was not deemed rejected pursuant to 11 U.S.C. §365(d)(1).  It expired by its own terms.  The Sixth Circuit

has rejected Central Bank's arguments in an unpublished opinion, <u>Matter of B & K Hydraulic Co.</u>, 935 F.2d 269 (6th Cir. 1991).  In that case the Court held that contracts of insurance that expire by their own terms, do not create further duties of performance and are not executory for purposes of 11 U.S.C. §365.  Additionally, the Court stated that the automatic stay does not impair the terms of contracts concerning their expiration.

This  Court also questions whether Central Bank truly has standing to bring this claim.  Such claims are within the purview of the Trustee.  Neither the Trustee nor the Debtor seek the relief requested by Central Bank.  Based on the above authority, this Court could not grant the requested relief even if it were sought by the proper party.

Since the contract of insurance expired by its own terms, the Court cannot force the parties to renegotiate those terms.  The policy expired and the automatic stay of 11 U.S.C. §362 does not apply.

<u>**CONCLUSION**</u>

For all of the above reasons, the Motion for an Order Declaring the Stay in Place for the Star Insurance Contract of Central Bank, Inc. is **DENIED**.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE:                                              )
                                                    )
VICKI FIELDS                                        )          CASE NO.: 05-35123
                                                    )
                    Debtor                          )
_____                )

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for an Order Declaring the Stay in Place for the Star Insurance Contract of Central Bank, Inc., be and hereby is,

**DENIED**.